**PACIFIC ASIAN ENTERPRISES, a California corporation; et al., Plaintiffs–Appellants,**

v.

**CROSS CHARTERING NV, a foreign limited liability company; et al., Defendants–Appellees.**

No. 11–55805.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2012.

Filed Dec. 19, 2012.

Stanley L. Gibson, Joshua A. Southwick, Gibson Robb & Lindh, LLP, San Francisco, CA, for Plaintiffs–Appellants.

Alan Nakazawa, Cogswell, Nakazawa & Chang, LLP, Long Beach, CA, for Defendants–Appellees.

James J. McMullen, Jr., Esquire, Gordon & Rees LLP, San Diego, CA, for Co-Defendants–Appellees.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Pacific Asian Enterprises ("PAE") appeals the district court's final order dismissing PAE's claims and enforcing a contractual forum selection clause pursuant to Federal Rule of Civil Procedure 12(b)(3). We affirm.

The district court did not abuse its discretion when it enforced the forum selection clause. *See Kukje Hwajae Ins.Co., Ltd. v. M/V Hyundai Liberty,* 408 F.3d 1250, 1254 (9th Cir.2005). It is clear from the face of the bill of lading that the parties intended that the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, ("COGSA") control this contract. Both parties' experts testified that COGSA controls the terms of the contract in Antwerp; Cross Chartering has stipulated that COGSA controls in Antwerp; and the district court reached the same conclusion. Given that the court in Antwerp will interpret the contract under COGSA, we conclude that the substantive law the Belgium courts will apply will not be less favorable to PAE than the U.S. court's application of COGSA. *Fireman's Fund Ins. Co. v. M.V. DSR Atl.,* 131 F.3d 1336, 1339 (9th Cir.1997) (quoting *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 538, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995)) (holding that enforcement of a forum selection clause is unreasonable when "the substantive law to be applied will

by 9th Cir. R. 36–3.

reduce the carrier's obligations to the cargo owner below what COGSA guarantees").

**Affirmed.**